Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN**

In re:
**James R. Volk**
**Rosalyn M. Volk**

Dated: **October 23, 2012**

DEBTOR    Case No. **12-35711**

*In a joint case, debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE** —
   a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **922.00** per **Month** for **60** months, beginning within 30 days after the order for relief for a total of $ **55,320.00** . The minimum plan payment length is __ 36 or **X** 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **55,320.00**   [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **5,532.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | | *Creditor* | *Monthly Payment* | *Number of Months* | *Total Payments* |
   |---|---|---|---|---|
   | a. | **Bank Of America, N.a.** | $ **1,433.00** | **0** | $ **0.00** |
   | a. | TOTAL | | | $ **0.00** |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | *Creditor* | *Description of Property* |
   |---|---|
   | **-NONE-** | |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | | *Creditor* | *Description of Property* |
   |---|---|---|
   | a. | **IRS Centralized Insolvency Ope** | |
   | b. | **IRS Centralized Insolvency Ope** | |
   | c. | **IRS Centralized Insolvency Ope** | |
   | d. | **U S Dept Of Ed/Fisl/Ch** | **Educational** |
   | e. | **U S Dept Of Ed/Fisl/Ch** | **Educational** |
   | f. | **U S Dept Of Ed/Fisl/Ch** | **Educational** |
   | g. | **U S Dept Of Ed/Fisl/Ch** | **Educational** |
   | h. | **U S Dept Of Ed/Fisl/Ch** | **Educational** |
   | i. | **U S Dept Of Ed/Fisl/Ch** | **Educational** |
   | j. | **U S Dept Of Ed/Fisl/Ch** | **Educational** |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | | *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
   |---|---|---|---|---|---|---|
   | | **-NONE-** | $ | $ | | | $ |
   | a. | TOTAL | | | | | $ **0.00** |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| a. | Bank Of America, N.a. | $ 43,843.00 | 0 | $ 811.91 | 3 | 54 | $ 43,843.00 |
| b. | TOTAL | | | | | | $ 43,843.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) x | (No. of Pmnts) = | Pmnts on Account of Claim + | (Adq. Prot. from ¶ 3) = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | $ | $ | | $ | | | $ | $ | $ |
| a. | TOTAL | | | | | | | | | $ 0.00 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | Attorney Fees | $ 2,250.00 | $ 750.00 | 1 | 3 | $ 2,250.00 |
| b. | IRS Centralized Insolvency Ope | $ 0.00 | $ 0.00 | 60 | 0 | $ 0.00 |
| c. | TOTAL | | | | | $ 2,250.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **3,695.00** [line 1(d) minus lines 2, 6(a), 7(b), 8(a), 9(c) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **104,440.00**.

   c. Total estimated unsecured claims are $ **104,440.00** [line 11(a) + line 11(b)].

12. **TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** —
1.    Employment Bonuses The debtor(s) shall provide the trustee with copies of any paystubs that reflect a bonus payment. If the debtor(s) will incur or have incurred any reasonable or necessary expenses, including but not limited to medical, dental, household repairs, or vehicle repairs, they will submit in writing a request to the Trustee with detailed information of the expense and request they be allowed to use the bonus to pay for the same. The request will be reviewed by the trustee and the trustee shall have the discretion to approve or deny the same.

2.    Late claims:  Proof of claims received after the deadline shall not be paid by the trustee and discharged upon completion of plan.

3.    Mortgage Company (notices of increase in escrow): Creditors shall file a notice with the court and give notice to the Debtor, attorney for the Debtor and the Trustee, of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage

payment. The automatic stay is modified to permit the sending of such notices. If any such notices advices that the amount of the contract installment payment has increased or decreased, the plan payment shall be adjusted accordingly.

4. <u>Mortgage Fees</u>: The Mortgage Creditor shall provide to the debtors' attorney and trustee a notice of any fees, expenses, or charges which have accrued during the bankruptcy case on the mortgage account and which the Mortgage Creditor contends are 1) allowed by the note and security agreement and applicable non bankruptcy law, and 2) recoverable against the debtors or the debtors' account. The notice shall itemize the fees, expense or other charges. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the trustee's final account under Bankruptcy Rule 5009. On motion of the debtor or trustee, the court shall determine, after notice and hearing, if such fees or charges are allowable pursuant to the underlying agreement and applicable law. The failure of a Mortgage Creditor to give such notice for any given year of the case's administration shall be deemed a waiver for all purposes of any claims for fees, expenses or charges accrued during that year, and the Mortgage Creditor shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the debtors or the debtors' account during the case or after entry of the order granting a discharge.

5. <u>Retirement Loans</u>: 401(k) loans are currently being deducted from both Debtor and Joint Debtor's paystubs. They shall continue during the plan and the trustee is not obligated to make those payments.

6. <u>Taxes owing</u>: Pursuant to 11 USC Section 1305(a)(1), claims for December 31, 20XX post petition Federal Income taxes and Minnesota State Income taxes are to be included in plan as a priority claim.

7. <u>Tax Refunds</u>: The debtor(s) shall provide the trustee with copies of the debtor's federal and state income tax returns annually for the duration of the chapter 13 case. The debtor(s) may keep the first $1200 of the combined federal and state tax refunds in an individual debtor case and $2,000 in a joint case. Any amount in excess of $1,200 in an individual debtor case and $2,000 in a joint case shall be paid to the trustee as an additional plan payment.

8. <u>Post Petition Payments</u>: Debtor's will continue to make the post petition payments directly to Bank of America ("BOA"). In the event the debtors does not comply with any of the above terms, in interest, will be entitled to ex parte relief from the stay upon expiration of ten calendar days after service by U.S. Mail of an Affidavit of Default upon the debtors and their attorney; and upon failure by the debtors to cure the same. If a default notice issues and the default is cured within the ten days allowed, BOA will be entitled to $75.00 as compensation for attorney fees incurred relative to the issuance of that notice.

9. <u>Loan Statements/Loan Modifications</u>. Upon confirmation of this plan, the creditors listed in paragraph 5, Chase Auto Financial and Great Lakes shall recommence issuing monthly billing statements to the debtors at the debtors' address listed in the bankruptcy petition as to post petition car loan and student loan obligations that come due after confirmation of the plan. As of the date of filing of the petition, the debtors are current with their mortgage and car loan payments to the above referenced creditors. Any delinquency claimed by the creditors listed in paragraph 5 following the commencement of the debtors Bankruptcy case is hereby disputed by the debtors and will be deemed waived per 11 USC 1322(b)(3)"

10. <u>Avoidance of Second Mortgage Held by PNC.</u> Confirmation of this plan without objection by PNC or its assignee, or over the objection of PNC, or its assignee, shall constitute an acknowledgement and acceptance that there is no equity in the debtor's residential real property located at 2106 Opal Drive, Saint Paul, Minnesota 55122, over and above the first mortgage in favor of Bank of America, or its assignee, to which the lien of the second mortgage can attach. The order confirming the plan shall constitute a finding by the bankruptcy court that the fair market value of the real estate is $136,070.00; and that the balance owed to Bank of America is $182,096.00; therefore the claim of PNC or its assignee is wholly unsecured. The real estate located at 2106 Opal Drive, Saint Paul, Minnesota 55122 shall vest in the debtor free and clear of the second mortgage upon completion of all payments due to the trustee under the plan. PNC, or its assignee, shall cancel the second mortgage within 20 days after the trustee's final report to the court showing completion of the plan. If PNC, or its assignee, fails to cancel the second mortgage, debtor may obtain an order and judgment voiding the second mortgage. Its claim, if any, shall be paid as an unsecured, nonpriority claim.

## 14. SUMMARY OF PAYMENTS —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $ 5,532.00 |
| Home Mortgage Defaults [Line 6(a)] | $ 0.00 |
| Claims in Default [Line 7(b)] | $ 43,843.00 |
| Other Secured Claims [Line 8(a)] | $ 0.00 |
| Priority Claims [Line 9(c)] | $ 2,250.00 |
| Separate Classes [Line 10(a)] | $ 0.00 |
| Unsecured Creditors [Line 11] | $ 3,695.00 |
| **TOTAL [must equal Line 1(d)]** | $ **55,320.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**Lauri Ann Schmid 00276935**
**Schmid Law Firm, Ltd**
**6001 Egan Drive, Suite 140**
**Savage, MN 55378**
**9522261202**
**00276935**

Signed  **/s/ James R. Volk**
**James R. Volk**
DEBTOR

Signed  **/s/ Rosalyn M. Volk**
**Rosalyn M. Volk**
DEBTOR (if joint case)